IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLLAND LATIMER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-1932-M-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Yolland Latimer, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of capital murder in connection with the shooting deaths of Lois Fields and Darryl Sneed.[1] Because the state did not seek the death penalty, punishment was automatically assessed at life imprisonment. His conviction and sentence were affirmed on direct appeal. *Latimer v. State*, No. 08-05-00379-CR, 2007 WL 1153662 (Tex. App.--El Paso, Apr. 19, 2007, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Latimer*, WR-72,383-01 (Tex. Crim. App. Aug. 5, 2009). Petitioner then filed this action in federal district court.

---

[1] Under Texas law, a person commits capital murder of he intentionally or knowingly causes the death of an individual and murders more than one person during the same criminal transaction or course of conduct. *See* TEX. PENAL CODE ANN. §§ 19.02(b)(1) & 19.03(a)(7)(A) (Vernon 2003).

II.

In one broad ground for relief, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) was not experienced in capital murder trials and did not follow court rules; (2) failed to ask for the appointment of a private investigator, a forensics expert, or a second lawyer; (3) did not file a motion for continuance or a motion for new trial; (3) failed to call any character witnesses or present mitigating evidence; (4) did not request an instruction on a lesser-included offense; and (5) failed to challenge the autopsy report and testimony of the medical examiner.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10,

2009) (citing cases), *appeal filed*, Sept. 8, 2009 (5th Cir.) (No. 09-70024) (holding that both prongs of the *Strickland* test present a mixed question of law and fact that is reviewed under section 2254(d)(1)). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill*, 2009 WL 2448499 at *5 (citing cases). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002).

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and

(2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

B.

The record shows that petitioner was represented by Stephani Hudgins, a former Dallas County prosecutor with extensive felony trial experience. In a sworn affidavit submitted to the state habeas court, Hudgins stated that she requested and obtained funds to hire Rex Reynolds, an experienced criminal investigator, to help investigate the case. *Ex parte Latimer*, WR-72,383-01, Tr. at 103. Hudgins and Reynolds visited petitioner on several occasions, contacted potential defense witnesses, and "did everything that Mr. Latimer requested us to do that was legally possible." *Id.* Hudgins even had petitioner evaluated by a psychiatrist as part of her investigation of a possible insanity defense. The psychiatrist determined that petitioner was sane at the time he committed the murders. *Id.* Hudgins went on to explain that she did not call any character witnesses or offer any mitigating evidence at a punishment hearing because petitioner received an automatic life sentence upon his conviction for capital murder. *Id.* Based on this affidavit, the state habeas court found that petitioner "was represented by an attorney who exercised all of the skill and expertise that one could reasonably expect from an attorney and . . . was in no way denied his right to effective assistance of counsel at trial." *Id.*, Tr. at 99-100, ¶ 3. This court is bound by the state court findings unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez*, 274 F.3d at 948 n.11 (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact).

Here, petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut the finding that he received effective assistance of counsel. Contrary to petitioner's assertion, Hudgins was an experienced attorney who was more than qualified to represent him in his capital murder trial. Hudgins hired an investigator and had petitioner examined by a psychiatrist. Although she did not ask the court to appoint a forensics expert or a second attorney, petitioner has not shown that either was required to assist with his defense. Nor does petitioner elaborate on his claim that Hudgins did not follow court rules. These conclusory allegations do not merit habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Petitioner also criticizes Hudgins for not filing a motion for continuance or a motion for new trial, for not calling character witnesses or presenting mitigating evidence, and for not requesting an instruction on a lesser-included offense. The record shows that Hudgins asked for a continuance on the morning of trial. Her request was denied. (*See* SF-II at 6-7). Petitioner filed his own motion for new trial on the grounds that, *inter alia*, he received ineffective assistance of counsel. (*See* St. App. Tr. at 43-44). Because capital murder carries a mandatory life sentence under Texas law, *see* TEX. PENAL CODE § 12.31(a)(2) (Vernon 2003), there was no punishment hearing during which Hudgins could have called character witnesses or presented mitigating evidence. Petitioner was not entitled to an instruction on the lesser-included offenses of murder or manslaughter because the evidence did not permit the jury to rationally find that if petitioner was guilty at all, he was guilty only of those lesser offenses. *See East v. Scott*, 55 F.3d 996, 1006 (5th Cir. 1995), *citing Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981). In view of the evidence that petitioner intentionally shot his ex-girlfriend and her boyfriend multiple times at point-blank range during the same criminal

transaction or course of conduct, Hudgins had no legal basis for asking the court to instruct the jury on any offense other than capital murder. *See Smith v. State*, 297 S.W.3d 260, 274-75 (Tex. Crim. App. 2009), *cert. denied*, 130 S.Ct. 1689 (2010) (defendant on trial for capital murder was not entitled to instruction on lesser-included offense of murder where evidence permitted a rational jury to conclude that defendant murdered his ex-girlfriend and her daughter as part of the same transaction).

Finally, petitioner alleges that Hudgins was ineffective for failing to point out discrepancies between an autopsy report prepared by the Dallas County Medical Examiner, which indicates that Lois Fields suffered five gunshot wounds, and a police report, which states that Fields was shot twice in the head. At trial, Dr. Jeffrey Barnard testified that his autopsy of Fields revealed three gunshot wounds to the head, two gunshot wounds to the upper extremities, one gunshot wound to the left hand, and one gunshot wound to the right hand. (*See* SF-III at 46). When asked by Hudgins if he was able to determine through autopsy how many times Fields was actually shot, Dr. Barnard responded:

> Well, there are five different injuries. That does not rule out the fact that the wounds to the extremity may not have been associated with one of the other -- one or two of the other wounds. So you know for sure you have got three and there may have been as many as five.

(*Id.* at 53). Through her cross-examination, Hudgins was able to elicit evidence that petitioner may not have shot Fields five times. But even if Hudgins should have done more to show that Fields was shot only twice, petitioner was not prejudiced thereby. There is nothing to suggest that the outcome of petitioner's capital murder trial would have been different had the jury known about the alleged discrepancy between the autopsy report and the police report. Petitioner does not deny that he shot

Fields and Darryl Sneed multiple times at point-blank range. In fact, he told the police, "I shot both of them bitches three times in the head each." (*Id.* at 127). Absent a showing of prejudice, petitioner cannot prevail on his ineffective assistance of counsel claim.[2]

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 15, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent petitioner contends that the prosecutor improperly withheld another autopsy report showing that Fields was shot only twice, that claim fails for the same reason. *See Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993) (to prevail on a *Brady* claim, petitioner must prove that the prosecutor withheld evidence favorable to the defense that was material to either guilt or punishment).